**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO: SAG-24-312** |
| **ZACHARY ANTHONY CAMPBELL,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULES 414 & 404(B), AND AS INTRINSIC EVIDENCE TO THE CHARGED COUNTS**

The United States hereby files a motion for a pretrial ruling regarding the admission of evidence at trial pursuant to Rules 414 & 404(b) of the Federal Rules of Evidence.

The government seeks to introduce various prior acts by the defendant at trial, including:

1. Instances of the sexual abuse of the Minor Victim referenced in the indictment, other than those specifically listed in charged counts. The details of the conduct will be provided in discovery and include the defendant engaging in oral and vaginal sex with the Minor Victim, as well as creating depictions of that conduct and other sexually explicit conduct, including the lascivious display of the genitals. The conduct occurred between approximately 2022 and 2024 in the defendant's residence and on one occasion in a hotel.

2. Additional instance of the defendant surreptitiously recording the Minor Victim in a bathroom with her genitals exposed, other than those specifically listed in charged counts.

3. The defendants provided the Minor Victim with drugs and/or alcohol to prevent the Minor Victim from being aware of and/or resisting the defendant's abuse.

4. The defendant was convicted approximately 13 separate occasions between 2011 and 2024, under Maryland Code, Criminal Law § 3-901, relating to his entering women bathrooms and surreptitiously recording females om the bathrooms.

The government submits that the defendant's prior conduct listed above is admissible under Rule 414 as evidence of prior bad acts of child molestation. Fed. R. Evid. 414(a). Rule 414 provides in pertinent part:

In a criminal case in which a defendant is accused of child molestation, the court

2

may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

The prior conduct listed above is also admissible as 404(b) evidence of the defendant's modus operandi, intent, motive, planning, and the absence of mistake with respect to the very similar allegations in the indictment. Furthermore, much of the evidence listed above is intrinsic to the charged offenses as the evidence arose out of the same series of events as the charged offenses, and is necessary to complete the story of the crime on trial. As such, proof of these incidents is relevant to the matters at trial.

Accordingly, the government respectfully requests that this Court grant its motion to admit Rule 414 & Rule 404(b) evidence concerning the defendant's prior conduct of child molestation, as defined in the statute.[1]

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court permit the admission of this evidence at trial.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

---

[1] The government will submit a memorandum in support of this motion prior to trial.

3