IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACHARY ANTHONY CAMPBELL,<br><br>Defendant. | CRIMINAL NO. SAG-24-312<br><br>*Under Seal* |

**GOVERNMENT'S SENTENCING MEMORANDUM IN SUPPORT
OF A SENTENCE OF 50 YEARS FOR DELROY JAMES SCOTT**

The United States of America respectfully recommends the Court sentence Zachary Anthony Campbell to 50 years in prison and lifetime supervised release for his repeated sexual abuse and exploitation of Minor Victim.[1] The sex acts included vaginal and anal intercourse, penetration of Minor Victim with a liquor bottle, and oral sex. Campbell recorded much of the abuse, and also secretly recorded Minor Victim in the bathroom on numerous occasions.

Campbell's sexual abuse of Minor Victim is troubling and a violation There is no question that his criminal acts were repeated, premeditated, intentional, and the product of his free choice. There is no question that Campbell derived pleasure and sexual satisfaction from his rape and exploitation of Minor Victim.[2] This case calls out for punishment and a significant sentence in order to protect society from Campbell, whose conduct demonstrates that he poses a clear and imminent threat to young girls.

As discussed in detail below, the applicable Sentencing Guidelines advise that this Court impose the maximum sentence allowed by statute – 60 years' imprisonment. Consideration of the

---

[1] Minor Victim is referred to as Minor Victim in the indictment and plea agreement. This document is filed under seal and refers to the victim and her mother by their true names. A redacted version will be filed on the public record.

[2] An FBI Special Agent is available to display various digital files to the Court in chambers prior to the sentencing. Government counsel will contact chambers to schedule a mutually agreeable time.

1

sentencing factors enumerated in Title 18, United States Code, Section 3553(a) also calls out for a significant prison sentence in order to protect the public from Campbell, to reflect the seriousness of Campbell's disturbing and repeated abuse of a vulnerable minor, and to deter Campbell. The only just outcome is a substantial period of incarceration, reflecting the seriousness of Campbell's disturbing criminal offenses. For these reasons and those discussed more fully below, Zachary Campbell should be sentenced to imprisonment for 50 years.

### I. BACKGROUND

On August 25, 2025, the defendant pled guilty to Counts One and Six of the Indictment, each charging him with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a). The sentencing hearing on this matter is scheduled for December 17, 2025. United States Probation Officer Ashley Crouch prepared the Presentence Report, which provides for a final offense level of 43, a criminal history category VI, and an advisory guidelines of 60 years' imprisonment. The government agrees with the guideline calculation in the Pre-Sentence Report (PSR).

#### A. Facts of the Offense

The facts in this case are truly disturbing and reflect the danger that the defendant poses to the public, and to children in particular. During the plea hearing on August 25, 2025, the defendant agreed that the following facts were true:

> Zachary Anthony Campbell ("Campbell"), age 33, is a resident of Baltimore, Maryland. As detailed below, between October 2023 and February 2024, Campbell sexually abused the minor victim, who was 11 at the time of the abuse. Campbell produced images and videos of himself and the victim engaged in sexually explicit conduct.
>
> Minor Victim was born in 2012

On April 24, 2024, Minor Victim was interviewed by a child forensic interviewer. Minor Victim disclosed that Campbell abused <sup>Minor Vic</sup>
. Minor Victim disclosed that the abuse included oral sex and attempted anal and vaginal penetration.

In addition to the sexual abuse of Minor Victim, Campbell produced the following videos and images of his abuse of Minor Victim at his residence, while Minor Victim was in Campbell's care and custody:

Group One:  Sexual Exploitation of Minor Victim (Count One, October 29, 2023)

On October 29, 2023, sexually abused Minor Victim while she appeared to be asleep and produced depictions of the abuse. The depictions included Campbell placing his penis onto Minor Victim's mouth and ejaculating onto Minor Victim's mouth, Minor Victim's exposed genitals, Campbell touching Minor Victim's genitals, and Campbell attempting to digitally penetrate Minor Victim's buttocks.

Group Two:  Agreed Conduct, Sexual Exploitation of Minor Victim on November 2023 (Count Two):

On the night of November 26, 2023, through the early morning hours of November 27, 2023, Campbell surreptitiously placed a camera in a bathroom with the intent to create recordings of Minor Victim's anus and genitals. Campbell created three separate videos that depict Minor Victim's buttocks as she urinates in the toilet. The videos also depict Campbell setting up the camera and subsequently retrieving the recording device. The videos were created with an iPhone 13 Pro. Campbell used a video editing software to create a fourth video that is a compilation of the surreptitiously recorded videos.

Group Three:  Agreed Conduct, Sexual Exploitation of Minor Victim on February 3, 2024 (Count Three):

On February 3, 2024, Campbell surreptitiously placed a camera in a bathroom with the intent to create a recording of Minor Victim's anus and genitals. The video depicts Minor Victim's pubic area and buttocks as she is using the bathroom. The videos also depict Campbell setting up the camera and subsequently retrieving the recording device. The videos were created with an iPhone 13 Pro.

Group Four:  Agreed Conduct, Sexual Exploitation of Minor Victim on February 4, 2024 (Count Four):

On February 4, 2024, Campbell surreptitiously placed a camera in a bathroom with the intent to create recordings of Minor Victim's anus and genitals. Campbell created two separate videos that depict Minor Victim's buttocks as she is using the toilet. The videos also depict Campbell setting up the camera and

subsequently retrieving the recording device. The videos were created with an iPhone 13 Pro.

Group Five: Agreed Conduct, Sexual Exploitation of Minor Victim on February 16, 2024 (Count Five):

On February 16, 2024, Campbell surreptitiously placed a camera inside the toilet in the bathroom with the intent to create a recording of Minor Victim's anus and genitals. The video depicts Minor Victim's genitals and buttocks as she is using the bathroom. The video was created using a surveillance camera that can be controlled remotely, using the StarEye application.

Group Six: Sexual Exploitation of Minor Victim on February 17, 2024 (Count Six):

On February 17, 2024, Campbell sexually abused Minor Victim while she appeared to be asleep, and produced a video of the abuse. The video depicts Campbell penetrating Minor Victim's anus with a miniature liquor bottle. As Campbell inserts the bottle fully into Minor Victim's anus, Minor Victim jumps. The video was produced with an iPhone 13.

Group Seven: Agreed Conduct, Sexual Exploitation of Minor Victim on February 17, 2024 (Count Seven):

On February 17, 2024, approximately fifty minutes after Campbell inserted the liquor bottle in Minor Victim's anus, Campbell placed his penis on Minor Victim's exposed vagina or anus and repeatedly attempted to penetrate Minor Victim. The video was produced with an iPhone 13.

Also on February 17, 2024, Campbell surreptitiously placed a camera in a bathroom with the intent to create recordings of Minor Victim's anus and genitals, and created the following videos:

- A video depicting Minor Victim's genitals and face, and also depicting Campbell setting up the video;

- A video of Campbell and Minor Victim in the bathroom, Campbell tries to record Minor Victim's buttocks, and she pushes him away and states, "I wanna go home"; and

- 4 videos from the bathroom depicting Minor Victim's genital and buttocks at various times, while Minor Victim is changing and using the toilet.

Group Eight: Agreed Conduct, Possession of Child Pornography on February 22, 2024 (Count Eight):

On February 22, 2024, investigators seized the following phone during a search of Campbell's person and seized the following phone:

a. Apple iPhone 13 Pro, S/N: TY4Q6D2N9L.

The phone was forensically examined, and investigators located all of the depictions listed above on the device. The files included dozens of images and more than 8 videos of child pornography, all depicting Minor Victim.

The defendant agrees that the images and videos described above were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

ECF 32, ¶¶ 8-24 of the PSR (ECF 37).

Additional Facts:

The abuse of <sup>Minor Victim</sup> was ongoing and would have certainly continued if the defendant had not been arrested in February 2024. Campbell was arrested by Towson University Police Department officers in February 2024, when he was observed peering under the stall in the women's restroom.[3] Officers seized Campbell's phone, obtained a search warrant, and observed videos of Campbell sexually abusing <sup>Minor Victim</sup> Prior to the Towson University Police arrest and search, Campbell's sexual abuse was ongoing, and <sup>Minor Victim</sup> had not disclosed the abuse to anyone. In April 2024, <sup>Minor Victim</sup> was interviewed by a child forensic interviewer at a child advocacy center. As mentioned above, <sup>Minor Victim</sup> disclosed that Campbell's abuse of her included oral sex and *attempted* anal and vaginal penetration by Campbell. <sup>Minor Victim</sup> also stated that Campbell gave her a "nasty" drink to "make [her] feel in the mood." The videos of Campbell abusing <sup>Minor Victim</sup> including videos of Campbell penetrating <sup>Minor Victim</sup> with a bottle, corroborate that Campbell drugged <sup>Minor Victim</sup> and that she was not conscious for some of the incidents of abuse.

<sup>Minor Victim</sup> also disclosed that Campbell would sometimes pin her hips down while abusing her,

---

[3] As detailed in the PSR, Campbell has an extensive history of committing "peeping tom" and prurient intent offenses since 2015.

5

and that Campbell told her to keep the abuse a secret, describing it as practice for when she was older.

### B. Sentencing Calculation

1. Sentencing Maximum Sentences

The maximum sentences that may be imposed for the counts of conviction are as follows:

i. Count One: Sexual Exploitation of Children Manufacture of Child Pornography, 18 U.S.C. § 2251:

30 years' imprisonment with a 15-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, restitution, forfeiture, and a $100 special assessment.

ii. Count Six: Sexual Exploitation of Children Manufacture of Child Pornography, 18 U.S.C. § 2251:

30 years' imprisonment with a 15-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, restitution, forfeiture, and a $100 special assessment.

2. Sentencing Guidelines

The defendant's pervasive exploitation of Minor Victim that makes up the instant offenses and additional agreed conduct results in *eight* separate groups that compute to an offense score of 50, before any reductions. PSR, ¶ 95. The government agrees that the defendant is a criminal history category VI. PSR ¶ 120. Because the total offense level, after acceptance of responsibility is 43,[4] the criminal history calculation has no impact on the guideline range in this case. An Adjusted Base Offense Level of 43 and any criminal history yields a guideline range of life imprisonment. PSR ¶ 159. Because the combined statutorily authorized maximum sentence is below the applicable guidelines range of life imprisonment, the guidelines term of imprisonment is 60 years. PSR ¶ 159.

---

[4] The defendant's offense score after acceptance of responsibility is 47. ¶¶ 96-97. However, any offense over 43 shall be treated as a 43. ¶ 98.

3. Criminal History

The defendant has twenty-two criminal history points. PSR, ¶ 120. Of particular import, nearly all of the defendant's convictions are for "peeping tom" and prurient interest offenses. From 2015 through 2024, the defendant was arrested twenty-seven times that resulted in *sixteen* criminal convictions. The defendant committed crimes while pending trial for the same exact same crimes, sometimes at the same location. The defendant committed crimes while on probation for the same crimes. The defendant has been sentenced to prison – and then committed the same crimes again, while still under court supervision.

## II.  ARGUMENT

The defendant's conduct was disturbing and shows the worst of human nature. Taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), the defendant's conduct demands a lengthy sentence.

"In sentencing a defendant, first the district court 'shall consider ... the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.' 18 U.S.C. § 3553(a)(4)(A)." Regarding sentencing, the Supreme Court states, "the Guidelines should be the starting point and initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines are the "natural starting point from which the sentencing court exercises its discretion under § 3553(a). *United States v. Langford*, 516 F.3d 205, 212 (3d Cir.2008). This Court therefore "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature

and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in section 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Another factor that Section 3553(a) considers are similar sentences for similarly situated defendants for to avoid sentence disparities. 18 U.S.C. § 3553(a)(6). Consideration of these factors necessitates a particularly lengthy sentence.

The nature and circumstances of Campbell's crimes strongly weigh in favor of a very lengthy sentence.                                                                         .

Campbell groomed, abused, and exploited Minor Victim Disturbingly, Campbell also manipulated Minor Victim by telling her not to disclose his abuse and telling her that they were "practicing" from when she was older.

In addition to the sexual abuse, Campbell also violated Minor Victim while she used the bathroom, by setting up a hidden camera to record her when she thought she was in private. He violated her by forcing her, when she was awake, to engage in sex acts with Campbell, a grown man. And he violated her in even more disturbing ways as she slept, likely after he had drugged her so she would not wake during his abuse.

Campbell physically and sexually exploited Minor Victim by forcing her, at age 11, to engage in

oral sex, vaginal intercourse, and anal intercourse, which continued until Campbell's arrest.

The sentence ultimately imposed on Campbell must reflect the seriousness of his offenses, promote respect for the law, and provide a just punishment for the offenses. There can be no question that Campbell's offenses, both in their shocking character and in their frequency and repetition, are among the most serious under the law. The Court is well aware of Minor Victim age throughout the abuse, the nature of the abuse, the images and videos Campbell produced, and his brazen and opportunistic ways. The seriousness of Campbell's offenses necessitates that he be sentenced to a significant prison term, in order to promote respect for the law and to provide a just punishment.

The sentence imposed must also afford adequate deterrence to criminal conduct of this nature and protect the public from further crimes of by Campbell. It is clear from the nature and circumstances of Campbell's offenses and his criminal history, that Campbell obsessively focuses on sexual exploitation, particularly of Minor Victim Similarly, the public can only be protected from like-minded individuals (and those individuals adequately deterred from acting on such an obsessions) with a significant sentence that demonstrates the Court's willingness to deliver an appropriate punishment.

A sentence of 50 years will afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. The defendant's conduct demonstrates that he is sexually attracted to particularly young minors and will go to great lengths to act on that desire. The defendant manipulated, used, and exploited Minor Victim for his own sexual gratification without concern or care for the impact of his abuse. There is a strong need to provide deterrence for any future criminal conduct and to protect the public from the defendant's crimes.

**Victim Consideration**

Understandably, it has been a long road for <sub>Minor Victim</sub> and her mother. The impact of the defendant's crimes will continue for the rest of their lives. In her letter to the Court, <sub>Minor Victim</sub> says she is "doing ok."[5] Yet at the same time, she is angry and sad because of the "disgusting" things Campbell did to her. It is clear that she did not feel safe around her own father.

Her mother explains that "<sub>Minor Victim</sub> continues to carry the emotional scars of [Campbell's] actions, and although she is receiving therapy and working hard to heal, the impact of this trauma will follow her for the rest of her life." And the impact is felt on <sub>Minor Victim' mother</sub> also, who described the "heavy toll" of watching Minor Victim suffer: "I've had to be her strength when I was breaking inside myself."

It is axiomatic that sexual abuse (particularly hand-on sexual abuse) inflicts upon its victim enormous, devastating, and long-lasting harm. That the abuse is inflicted on a child adds a devastating dimension to the harm ordinarily inflicted on rape victims. As the Supreme Court explained while addressing an Eighth Amendment challenge to capital punishment for the rape of a child by her stepfather in *Kennedy v. Louisiana*:

> […] the victim's fright, the sense of betrayal, and the nature of her injuries caused more prolonged physical and mental suffering than, say, a sudden killing by an unseen assassin. The attack was not just on her but on her childhood.... Rape has a permanent psychological, emotional, and sometimes physical impact on the child. We cannot dismiss the years of long anguish that must be endured by the victim of child rape.

554 U.S. at 435 (citing various studies). Those years of anguish can include sudden school failure, unprovoked crying, dissociation, depression, insomnia, sleep disturbances, nightmares, feelings of guilt and inferiority, and self-destructive behavior, including an increased incidence of suicide. *Id*. at 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting). Sexually exploited

---

[5] <sub>Minor Victim</sub>'s letter to the Court is attached as Exhibit 1 (under seal) and Exhibit 2 (redacted). Her mother's letter is attached and Exhibit 3 (under seal) and Exhibit 4 (redacted).

children also struggle to develop healthy affectionate relationships and they suffer from sexual dysfunctions. *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted).

The defendant not only sexually exploited $^{\text{Minor Victim}}$ but he recorded it. The images and videos were saved, and $^{\text{Minor Victim}}$ and her family will be victimized forever not knowing if pictures and videos of their abuse can be uploaded and live in perpetuity on the internet.

Although this Court must consider other factors beyond the defendant's offense conduct, this Court should nonetheless give significant weight to his offense conduct and the impact of his conduct in crafting his sentence here. By sexually abusing and exploiting $^{\text{Minor Victim}}$ the defendant has likely wreaked a lifetime of emotional damage. By recording this sexual abuse, the defendant exposes $^{\text{Minor Victim}}$ and her family to a lifetime of possible exploitation and torment.

## IV.   CONCLUSION

Zachary Campbell's unthinkable sexual abuse and production of child pornography of Minor Victim is inexcusable and without sufficient mitigation. The United States requests that this Court to sentence the defendant to 50 years' imprisonment, followed by lifetime supervised release with all recommended conditions sought by U.S. Probation. The Court must also inform Campbell of his statutory responsibility to register as a sex offender, impose a $200.00 special assessment, and enter a final order of forfeiture.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

11